IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACQUE PASSINO, JR., <br>     *Plaintiff* | § § § | |
| v. | § § | NO. 4:18-cv-00082 |
| CONTINENTAL CASUALTY COMPANY <br>     *Defendant* | § § § | |

### DEFENDANT CONTINENTAL CASUALTY COMPANY'S
### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Continental Casualty Company (Continental) files this Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

### I.
### FACTUAL AND PROCEDURAL BACKGROUND

1.  On December 6, 2017, Plaintiff, Jacque Passino, Jr., filed his Original Petition in the matter styled *Jacque Passino, Jr. v. Continental Casualty Company*, Cause No. 2017-81254, in the 125th Judicial District Court of Harris County, Texas. The lawsuit arises out of a claim Plaintiff made for damages to its property under an insurance policy with Continental.

2.  Plaintiff served Continental with a copy of the original petition on or about December 11, 2017.

3.  Continental filed its Original Answer on January 2, 2018.

4.  Continental files this notice of removal within 30 days of receiving Plaintiff's pleading. *See* 28 U.S.C. §1446(b). In addition, this Notice of Removal is being filed within one year of the commencement of this action.

**DEFENDANT CONTINENTAL CASUALTY COMPANY'S NOTICE OF REMOVAL - Page 1 of 4**

5. All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a). A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiff.

6. As required by 28 U.S.C. § 1446(a) and Rule 81 of the Local Civil Rules of the United States District Court for the Southern District of Texas, and simultaneously with the filing of this notice of removal, Continental attaches the documents as set forth herein:

Exhibit "A" – All required state court pleadings;

Exhibit "B" – State Court Docket Sheet;

Exhibit "C" – Local Rule 81 Index of Matters Files;

Exhibit "D" – Local Rule 81 List of Counsel of Record and Parties Represented;

Exhibit "E" – Declaration of Ms. Joanna Varias.

7. Venue is proper in this Court under 28 U.S.C. §1441(a) because this district and division include Harris County, Texas, the place where the removed action has been pending and where the incident giving rise to this lawsuit took place.

## II.

## BASIS FOR REMOVAL

8. Removal is proper based on diversity of citizenship under 28 U.S.C. §§1332(a), 1441(a) and 1446.

### A. THE PARTIES ARE OF DIVERSE CITIZENSHIP

9. Plaintiff, Jacque Passino, Jr. is, and was at the time the lawsuit was filed, a resident and citizen of Texas. *See* Pl's Original Pet., Parties, ¶2, p.1, Exhibit A. Therefore, Plaintiff is citizens of Texas for diversity purposes.

10. Defendant Continental is an Illinois corporation with its principal place of business in Illinois. Continental is a citizen of Illinois for diversity purposes.

11. Because Plaintiff is a citizen of Texas and Defendant Continental is a citizen of Illinois, complete diversity of citizenship exists among the parties.

### B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

12. This is a civil action in which the amount in controversy exceeds $75,000.00. While Plaintiff's state court petition does not expressly alleges the amount in controversy, plaintiff's counsel has demanded payment from Continental of invoices for attorney's fees incurred in an amount that exceeds the threshold of $75,000. *See,* Declaration of Ms. Joanna Varias attached as Exhibit "E," and the documents attached thereto Exhibits "E-1," "E-2," and "E-3." In addition to the amount of the demand for alleged attorney's fees incurred, plaintiff also seeks damages for alleged violations of TEX. INS. CODE ANN. §§ 541.060 and 541.151, and TEX. BUS. & COM. CODE §§17.45 and 17.46, as well as the recovery of attorney's fees expended in this action. Thus, Continental has established that the amount in controversy exceed the jurisdictional threshold of $75,000.00.

### CONCLUSION AND PRAYER

All requirements are met for removal under 28 U.S.C. §§ 1332 and 1441. Accordingly, Defendant Continental Casualty Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

/s/ *Anthony S. Cox*
Anthony S. Cox
*Attorney-in-Charge*
State Bar No. 04935000
Southern District of Texas Bar No. 14062

**CNA COVERAGE LITIGATION GROUP**
700 N. Pearl Street, Suite 450
Dallas, Texas 75201
(214) 220-5910
(214) 220-5902 – Facsimile
Email: anthony.cox@cna.com

**ATTORNEYS FOR DEFENDANT
CONTINENTAL CASUALTY COMPANY**

**CERTIFICATE OF SERVICE**

The undersigned does certify that on January 10, 2018, the foregoing *Defendant Continental Casualty Company's Notice of Removal* was electronically filed, as required by the United States District Court for the Southern District of Texas, Houston Division, using the Court's CM/ECF filing system, which will provide notice and a copy of this document to the following if a registered ECF filer in the United States District Court for the Southern District of Texas, Houston Division  The undersigned further certifies that on the 10th day of January, 2018, a true and correct copy of the foregoing *Defendant Continental Casualty Company's Notice of Removal* was served on the following via Certified Mail, Return Receipt Requested:

Patrick E. Murphy
MURPHY & VICKERS, P.C.
14201 Memorial Drive
Houston, Texas 77079
(713) 960-8895 – Telephone
(713) 524-2580 – Fax
Patrick@murphyslawtx.com

*Attorney for Plaintiff*

/s/ *Anthony S. Cox*
Anthony S. Cox